BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswplaw.com
WILLIAM J. NEWSOM (Bar No. 267643)
  wnewsom@pswplaw.com
**PEARSON, SIMON, WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008

P. TERRY ANDERLINI (Bar No. 44783)
  tanderlini@aelawllp.com
MERRILL G. EMERICK (Bar No. 117248)
  memerick@aelawllp.com
**ANDERLINI & EMERICK, LLP**
411 Borel Avenue, Suite 501
San Mateo, California 94402
Telephone:  (650) 242-4884
Facsimile:   (650) 212-0081

*Attorneys for Plaintiff S.D. Jadeja*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| S.D. JADEJA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REDFLEX TRAFFIC SYSTEMS, INC.; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.; AMERICAN TRAFFIC SOLUTIONS, INC.,<br><br>Defendants. | CASE NO. C 10-04287 WHA<br><br>**PLAINTIFF S.D. JADEJA'S NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date:   December 2, 2010<br>Time:  8:00 a.m.<br>Ctrm:  9, 19th Floor<br><br>Honorable William Alsup |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 2, 2010 at 8:00 a.m., or as soon thereafter as the matter may be heard before the Honorable William Alsup of the United States District Court, Northern District of California, 450 Golden Gate Avenue, Courtroom 9, 19th Floor, San Francisco, California 94102, Plaintiff S.D. Jadeja will and hereby does move the Court for an order remanding this case to the state court.  This motion is brought pursuant to the local controversy exception to diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §1332(d)(4)(A).  This motion is based on this notice, the following memorandum of points and authorities, the accompanying declaration, and all other pleadings and files in this action, and such argument which may be presented at the hearing on this motion.

DATED: October 22, 2010

**PEARSON, SIMON, WARSHAW & PENNY, LLP**
BRUCE L. SIMON
WILLIAM J. NEWSOM

**ANDERLINI & EMERICK LLP**
P. TERRY ANDERLINI
MERRILL G. EMERICK

By:  /s/ Bruce L. Simon
　　　　　BRUCE L. SIMON
*Attorneys for Plaintiff S.D. Jadeja*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF FACTS....................................................................................................1

III. LEGAL ARGUMENT ..........................................................................................................2

    A. More Than Two-thirds of Class Members are California Citizens ...........................3

    B. The Alleged Harm and Wrongdoing Occurred in California....................................4

    C. Defendant Redflex CA is a Citizen of California .....................................................5

    D. Defendant Redflex CA's Conduct Forms a Significant Basis for Plaintiff's Claims.........................................................................................................................5

    E. Plaintiff Seeks Significant Relief from Defendant Redflex CA................................7

    F. No Other Similar Class Action Has Been Filed in the Past Three Years..................8

IV. CONCLUSION ..................................................................................................................11

# TABLE OF AUTHORITIES

                                              **Page**

## Federal Cases

*Evans v. Walter Industries, Inc.*
    449 F.3d 1159 (11th Cir. 2006)..................................................................................5

*Haynes v. EMC Mortgage Corp.*
    2010 WL. 1445650 (N.D. Cal. April 12, 2010) ................................................. 4-8, 10

*International Primate Protection League v. Administrators of Tulane Ed. Fund*
    500 U.S. 72 (1991) ......................................................................................................2

*Kaufman v. Allstate N.J. Insurance Co.*
    561 F.3d 144 (3d Cir. 2009) .....................................................................................5, 7

*Kearns v. Ford Motor Co.*
    2005 WL. 3967998 (C.D. Cal. 2005) ..........................................................................6

*Kilper v. City of Arnold, Missouri*,
    2009 WL 2208404 (E.D. Mo. 2009) ...........................................................................8

*Sevin v. Parish of Jefferson*
    632 F. Supp. 2d 586 (E.D. La. 2008) ..........................................................................8

*Todd v. Cities of Auburn*
    2010 WL. 774135 (W.D. Wash. 2010) .......................................................................8

*Verrando v. ACS State and Local Solutions, Inc.*
    2009 WL.2958370 (N.D. Tex. 2009) ..........................................................................8

*Ware v. Lafayette City-Parish Consolidated Government*
    2009 WL. 5876275 (W.D. La. 2009) ..........................................................................8

## State Cases

*County of Santa Clara v. Superior Court (Atlantic Richfield Company)*
    50 Cal.4th 35 (Cal. 2010)............................................................................................8

*Czech v. City of Northwood*
    2008 WL. 5341041 (Ohio 6th Dist. Ct. App. 2008)....................................................8

*Mendenhall v. City of Akron*
    117 Ohio St. 3d 33, 881 N.E.2d 255 (Ohio 2008).......................................................8

*In re Red Light Photo Enforcement Cases (Red Light I)*
    78 Cal. Rptr. 3d 413 (Cal. Ct. App. 2008) ...............................................................8, 9

*In re Red Light Photo Enforcement Cases (Red Light II)*
    84 Cal. Rptr. 3d 37 (Cal. 2008) ................................................................................8, 9

*People v. Bullock*
  C367868 (Sup. Ct. Cal, San Mateo, Sept. 22, 2009)..................................................................8

**Federal Statutes**

28 U.S.C. §1332(d) ...........................................................................................................2, 5

28 U.S.C. § 1441(a).................................................................................................................2

**Legislative Materials**

S. Rep. 109-14, at 39, U.S. Cong. & Admin. News................................................................3

**State Statutes**

California Business and Professions Code § 17200.........................................................9, 10

California Vehicle Code § 21455......................................................................................3, 10

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

## I. INTRODUCTION

Plaintiff S.D. Jadeja hereby requests an order remanding the instant action to state court. This case falls under the local controversy exception to CAFA by virtue of the fact that more than two-thirds of the putative class members are citizens of California, all of the alleged harm and wrongdoing occurred in California, the claims are based entirely on California law, and one of the three defendants is a citizen of California whose actions form a significant basis for the claims here and against whom Plaintiff seeks significant relief. This is precisely the type of case that belongs in state court, where it was originally filed, and it should be remanded under CAFA's local controversy exception. Accordingly, Plaintiff respectfully requests that this Court remand the instant case to state court.

## II. STATEMENT OF FACTS

On August 19, 2010, Plaintiff filed this action in the Superior Court of the State of California, County of San Mateo, on behalf of himself and all others similarly situated. *See S.D. Jadeja v. Redflex Traffic Systems, Inc., et al.*, San Mateo County Superior Court Case No. CIV 498076 (attached as Exhibit A to Defendant American Traffic Solutions, Inc.'s Notice of Removal of State Action to Federal Court, Docket No. 1) (hereinafter "Complaint") at ¶ 1. The Complaint alleges that Defendants unlawfully operated automated traffic enforcement cameras at intersections in various municipalities throughout California and that motorists in these California municipalities were harmed. *Id.* at ¶ 3. The allegations in the Complaint are based upon violations of the California Vehicle Code and the California Business and Professions Code. *Id.* at ¶ 2. The Defendants are three corporations, two of whom are citizens for diversity purposes of Arizona or other states, and one of whom is both incorporated and has its principal place of business in California. *Id.* at ¶¶ 16-19; Declaration of Bruce L. Simon in Support of Plaintiff's Motion to Remand ("Declaration of Bruce L. Simon") at ¶ 4. The plaintiff class is comprised of all persons issued tickets under the California Vehicle Code for failing to stop at a red light, where the tickets were issued by Defendants pursuant to illegal contracts with California municipalities and governmental entities. Compl. at ¶ 67. Thus, all of the alleged conduct, contracts, and harm occurred in California.

On September 22, 2010, Defendant American Traffic Solutions, Inc. ("ATS") removed the instant action to this Court on the basis of diversity jurisdiction under CAFA. *See* Notice of Removal of State Action to Federal Court, Docket No. 1. ATS claims that this lawsuit meets the minimal diversity requirement and the amount in controversy exceeds $5,000,000.00, as required under the statute. *Id.* at ¶ 8.

### III. LEGAL ARGUMENT

CAFA created diversity jurisdiction in class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant," and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2)(A). An action brought in state court may be removed to federal court if the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a).

Although CAFA allows for diversity jurisdiction in a class action on the basis of minimal diversity, the statute prevents federal courts from exercising such jurisdiction in the case of a local controversy. 28 U.S.C. § 1332(d)(4). The local controversy exception states that a district court "shall" decline to exercise jurisdiction under CAFA for a class action in which more than two-thirds of the members of the proposed plaintiff class are citizens of the State in which the action was originally filed and at least one defendant is a defendant: (1) from whom significant relief is sought by members of the plaintiff class; (2) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (3) who is a citizen of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(i)(I) & (II). Additionally, the statute requires: (4) that the principal injuries resulting from the alleged conduct occurred in the State in which the action was originally filed; and (5) that no action has been filed asserting the same or similar factual allegations in the preceding three-year period. 28 U.S.C. § 1332(d)(4)(A)(i)(III) and (A)(ii). A federal court *must* remand for lack of subject matter jurisdiction, including a lack of diversity, regardless of when it is discovered. *See, e.g.*, *International Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72, 87 (1991).

The local controversy exception was drafted as a narrow exception to allow state courts to handle any class action that qualifies as "a truly local controversy – a controversy that uniquely

affects a particular locality to the exclusion of all others." S. Rep. 109-14, at 39, U.S. Cong. & Admin. News at 38.

This case meets each of the requirements of the local controversy exception. Because the exception applies, this Court should remand the instant case to state court.

### A. More Than Two-thirds of Class Members are California Citizens

The Complaint in this action defines the putative class as:

> All persons issued a citation for violation of California Vehicle Code §§ 21455(a) or 21455(b), where the alleged violation was recorded by an automated traffic enforcement system owned and/or operated by Defendants pursuant to an illegal contract with a Municipality or Agency made, or renewed, on or after January 1, 2004. Excluded from the Class are (1) employees of the Defendants, including its officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.[1]

Compl. at ¶ 67.

The proposed class is made up entirely of individuals who have received traffic citations in California, in cities that have "cost neutral" contracts with the Defendants. Plaintiffs have identified 59 municipalities and public agencies in California where Defendants allegedly operate automated traffic enforcement equipment pursuant to illegal "cost-neutral" contracts.[2] By the very nature of the class, the vast majority of the members are residents and citizens of California. Because all alleged citations issued as a result of conduct in these California municipalities, it is probable that far more than two-thirds of the putative class members are residents and citizens of

---

[1] The class definition erroneously lists California Vehicle Code sections 21455(a) and 21455(b). This was a typographical error. The correct Vehicle Code sections, which are properly cited throughout the Complaint, are 21453(a) and 21453(b). *See, e.g.*, Compl. at ¶¶ 1, 13, 52.

[2] The cities listed in the Complaint are as follows: Baldwin Park, Bell Gardens, Capitola, Cathedral City, Citrus Heights, Commerce, Corona, Costa Mesa, Covina, Culver City, Daly City, Davis, Escondido, Fullerton, Gardena, Glendale, Grand Terrace, Hemet, Highland, Inglewood, Laguna Woods, Lancaster, Loma Linda, Los Alamitos, Los Angeles County, Lynwood, MRCA, MTA/Metro, Marysville, Menlo Park, Millbrae, Modesto, Montebello, Moreno Valley, Murrieta, Napa, Newark, Oroville, Rancho Cucamonga, Redding, Redwood City, Riverside, Rocklin, Roseville, San Bernardino, San Juan Capistrano, San Leandro, San Mateo, Santa Ana, Santa Maria, South Gate, Union City, Upland, Ventura, Victorville, Walnut, Whittier, Yucaipa, and Yuba City. Compl. at ¶ 22.

819263.3

3

PLAINTIFF S.D. JADEJA'S NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

1  California. The same was true in *Haynes v. EMC Mortgage Corp.*, 2010 WL 1445650 at *3 (N.D.
2  Cal. April 12, 2010) (No. C 10-00372 WHA), where this Court stated that "by definition of [the]
3  proposed classes, it is clear that greater than two-thirds of the member[s] of all proposed plaintiff
4  classes are California citizens." In that case, the putative classes were comprised of California
5  landowners who had been subject to foreclosure. *Id.* at *1. As in *Haynes*, where the class was
6  comprised of owners of California real estate but was not limited to California residents, the class
7  here is composed of those receiving citations for alleged traffic violations in California, but may
8  include non-residents. Nonetheless, this Court held in *Haynes* that because of the nature of the
9  classes, it was "clear that greater than two-thirds of the members[s] of all proposed plaintiff
10 classes are California citizens." *Id.* at *3. Such is also the case here, where the nature of the class
11 makes it likely that far more than two-thirds of all class members are California citizens. Plaintiffs
12 believe that no further inquiry is needed at the remand stage. If further inquiry is required, the
13 citations in question were issued by Defendants and the actual percentage of citations issued to
14 California citizens is known to them. Similarly, all documents regarding such numbers are in their
15 exclusive control.

16              B.       The Alleged Harm and Wrongdoing Occurred in California

17        Plaintiff alleges that Defendants entered into illegal contracts with numerous cities in
18 California. Compl. at ¶¶ 30-39. Defendant Redflex Traffic Systems (California), Inc. ("Redflex
19 CA") has entered into such contracts with at least 17 of the California municipalities/agencies
20 cited in the Complaint, and probably with as many as 37 of the 59 alleged in the Complaint. Decl.
21 of Bruce L. Simon at ¶ 5. However, even those contracts entered on behalf of Redflex Traffic
22 Systems, Inc. ("Redflex AZ") involved California municipalities and automated traffic
23 enforcement equipment in California. Compl. at ¶ 30. Pursuant to these contracts, Defendants
24 operated automated traffic enforcement cameras at various intersections throughout California.
25 *Id.* at ¶¶ 54-63, 87. Defendants issued citations to class members located throughout California.
26 *Id.* at ¶¶ 10, 30 (listing cities), 39. Class members paid civil fines in California. *Id.* at ¶¶ 15, 65.
27 Thus, all of the alleged conduct occurred in California and all harm and damages were suffered in
28 California.

### C. Defendant Redflex CA is a Citizen of California

A corporation has dual citizenship for diversity purposes. *See* 28 U.S.C. § 1332(c). It is a citizen both of the state where it was incorporated and the state where it has its primary place of business. *Id.*

Redflex CA is a citizen of California under either test. Redflex CA is an organization incorporated in California. Compl. at ¶ 17; *see also* Decl. of Bruce L. Simon at ¶ 4, Ex. 1. Redflex CA engages in significant business activity in the state of California, including entering into allegedly unlawful contracts with municipalities in California and operating automated traffic enforcement systems in California. *Id.* at Ex. 2-40; Compl. at ¶ 17. They have even referred to their address in Culver City as their "principal place of business." *See* Decl. of Bruce L. Simon at Ex. 17, 18. Thus, Redflex CA is a California citizen for diversity purposes, and a local defendant under the local controversy exception to CAFA.

### D. Defendant Redflex CA's Conduct Forms a Significant Basis for Plaintiff's Claims

The level of significance required of a local defendant under the local controversy exception has not yet been defined by the Ninth Circuit, but this Court recently adopted the definition provided by the Third and Eleventh Circuits. *Haynes*, 2010 WL 1445650 at *4 (citing *Evans v. Walter Industries, Inc.* 449 F.3d 1159, 1164 (11th Cir. 2006) and *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009)). In *Haynes*, this Court held that, "rather than look to whether the relief or conduct of the local defendant is significant in an absolute sense," a court must compare the local defendant's alleged conduct to that of all the Defendants. *Id.*

*Haynes* involved a class action lawsuit filed in California alleging foreclosure fraud and unfair business acts or practices. *Id.* at *1. The proposed classes were comprised of:

> (1) all persons who owned residential real property in California . . . subject to foreclosure by defendant EMC; (2) all persons who owned residential real property in California . . . who were charged unlawful fees by defendant EMC . . . ; and (3) all persons who owned real property in California . . . who had a trustee initiate foreclosure proceedings at the direction of defendant EMC.

*Id*. at *2. Defendants were a Delaware corporation with headquarters in New York, a Delaware

1  corporation with headquarters in Texas, and a California corporation with headquarters in
2  California. *Id*. at *2. The case was removed under CAFA, but remanded under the local
3  controversy exception. *Id*. at *1. The Court held that the significance of a defendant is to be
4  analyzed by comparison to the conduct and culpability of the other defendants. *Id.* Analyzing the
5  plaintiffs' motion to remand under the local controversy exception, the Court then found that the
6  California defendant was a significant defendant against whom significant relief was sought. *Id*. at
7  *3-4. In finding the California defendant significant, this Court noted that, (1) it was one of only
8  three defendants; (2) four non-peripheral claims were alleged against it; and (3) its conduct formed
9  a basis for a significant portion of the claims, and its conduct was so deeply intertwined with that
10 of another defendant that it could not be disregarded as insignificant. *Id*. at *4. The Court also
11 distinguished *Kearns v. Ford Motor Co.*, 2005 WL 3967998 (C.D. Cal. 2005), because that case
12 involved a local defendant who sold cars to only a fraction of the class, whereas the local
13 defendant in *Haynes* was involved in a large number of foreclosures where another defendant was
14 the beneficiary. *Id*. at *5.

15       This Court further held that the place of injury was California, the location of the
16 properties in question, and that no similar class action had been filed within the past three years.
17 *Id*. at *5-6. In analyzing other class actions, the Court noted that similarity is required in the
18 factual allegations, not just the "larger policy issues." *Id*. at *6. Finding the case a "classic issue
19 of California state law that California state courts would be the best suited to decide," this Court
20 then remanded the case to state court. *Id*. at *6.

21       Under the test adopted in *Haynes*, Redflex CA's conduct forms a significant basis for
22 Plaintiff's claims. Redflex CA was a party to at least 17 contracts that are the subject of Plaintiff's
23 complaint, and likely as many as 37. *See* Decl. of Bruce L. Simon at ¶ 5. Although the contracts
24 vary in their precise language, a preliminary review reveals that seven (7) designate the
25 contracting party as "Redflex Traffic Systems (California)." *Id.* at Ex. 2-8. Another eight (8)
26 name "Redflex Traffic Systems, Inc., a California corporation" as the contracting party. *Id.* at Ex.
27 9-16. Twenty two contracts name "Redflex Traffic Systems, Inc." as the contracting party, and
28 provide a California address for its corporate office. *Id.* at Ex. 19-40. Two contracts even note

PEARSON, SIMON, WARSHAW & PENNY, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

that Redflex Traffic Systems' "principal place of business" is located in Culver City, California. *Id.* at Ex. 17-18.  Thus, Redflex CA contracted with at least 17, and as many as 37,[3] of a total 59 known municipalities/agencies that have or had "cost neutral" contracts during the class period. That amounts to at least 28% and probably 62% of the total municipalities/agencies in question, a significant percentage by any measure, especially when there are only three named Defendants.

Under their contracts, Redflex CA is obligated to install, repair, maintain, and operate automated enforcement equipment in California.  Further, because activities appear to be split between Redflex AZ and Redflex CA, whether it be issuing citations, signing contracts, operating equipment, or soliciting sales, the fact that Redflex CA and Redflex AZ act in conjunction implies that Redflex CA's conduct is "so deeply intertwined with that of defendant" Redflex AZ "that it cannot be disregarded as a significant defendant." *See Haynes*, 2010 WL 1445650 at *4 (citing *Kaufman*, 561 F.3d at 157).  The same was true of the local defendant in *Haynes*.  *Id.*

### E.  Plaintiff Seeks Significant Relief from Defendant Redflex CA

As in *Haynes*, Redflex CA is one of only three named Defendants.  *See* Compl. at ¶ 3. Redflex CA appears to be a party to contracts with more than 60% of the municipalities/agencies with allegedly unlawful contracts.  *See* Decl. of Bruce L. Simon at ¶ 5.  Plaintiff seeks disgorgement of profits and damages from Defendant Redflex CA based on those contracts. Compl. at ¶ 84.  Indeed, the cornerstone of this case is the existence of unlawful contracts, and the operation of automated traffic enforcement equipment under those contracts, in violation of both the California Vehicle Code and California Business and Professions Code.  *Id.* at ¶¶ 7, 26-39, 77-84.

Plaintiff seeks damages, restitution, and equitable and declaratory relief against Redflex CA specifically on the basis of the "cost neutral" aspects of the Redflex CA contracts.  *Id.* at ¶ 84. Because Redflex CA is the named party in those contracts outlined in the Declaration of Bruce L.

---

[3] As noted in the Declaration of Bruce L. Simon, two of the cities have contracts that fall under two categories, and thus are counted only once in the total.

1  Simon, Plaintiff can only obtain relief with regard to those contracts from Redflex CA, the
2  contracting party. Similarly, Plaintiff can only obtain relief against Redflex AZ and ATS with
3  respect to the contracts signed on their behalf. Thus, comparing the Defendants to each other as
4  required by *Haynes*, Plaintiff seeks relief against Redflex CA with respect to contracts with at least
5  28%, and as much as 62% of the total number of municipalities that have allegedly unlawful
6  contracts. Plaintiff seeks significant relief from Redflex CA, perhaps even more so than the other
7  two defendants.

### F. No Other Similar Class Action Has Been Filed in the Past Three Years

The local controversy exception requires that "during the 3-year period preceding the filing of [a] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332 (d)(4)(A)(ii). Plaintiff has performed a search for similar class actions filed in the past three years, and has found none. Although many individuals have challenged their own traffic fines on the basis of unlawful contracts,[4] no class action has been filed on the basis of such contracts. Similarly, other class actions have been filed against Defendants in various locales throughout the country,[5] but none has been filed on the basis of the same or similar factual allegations as those in the Complaint.

The closest to the instant action was one challenging some of the same contracts on public

---

[4] *See, e.g. People v. Bullock*, C367868 (Sup. Ct. Cal, San Mateo, Sept. 22, 2009) (unpublished). *See also*, California Appellate Court Refuses to Publish Anti-Camera Decision, *available at* http://thenewspaper.com/news/29/2932.asp (explaining that decision was not published).

[5] *See, e.g.*, *Todd v. Cities of Auburn*, 2010 WL 774135 (W.D. Wash. 2010); *Verrando v. ACS State and Local Solutions, Inc.*, 2009 WL2958370 (N.D. Tex. 2009); *Ware v. Lafayette City-Parish Consolidated Government*, 2009 WL 5876275 (W.D. La. 2009); *Czech v. City of Northwood*, 2008 WL 5341041 (Ohio 6th Dist. Ct. App. 2008); *Sevin v. Parish of Jefferson*, 632 F.Supp.2d 586 (E.D. La., 2008); *Mendenhall v. City of Akron*, 117 Ohio St.3d 33, 881 N.E.2d 255 (Ohio 2008); *Kilper v. City of Arnold, Missouri*, 2009 WL 2208404 (E.D. Mo. 2009); *Red Light II*, 84 Cal.Rptr.3d 37 (Cal. 2008) (granting review and deferring briefing of *Red Light I*, 78 Cal.Rptr.3d 413, 163 Cal.App.4th 1314 (2008), pending disposition of *County of Santa Clara v. Superior Court (Atlantic Richfield Company)*, 50 Cal.4th 35 (Cal. 2010)).

1   policy grounds.  *See, In re Red Light Photo Enforcement Cases*, 78 Cal. Rptr. 3d 413 (Cal. Ct.
2   App. 2008), *review granted* (hereinafter "*Red Light I*").  In that action, five cases challenging the
3   legality of contingent fee contracts for red light photo enforcement were consolidated in state
4   court. *Id.* at 419.  The operative complaints in the five cases were filed between 2001 and 2005,
5   and included claims for taxpayer waste, unfair competition, unjust enrichment, and injunctive
6   relief. *Id.* at 419-420.  Importantly, the unfair competition claims, brought under California
7   Business and Professions Code § 17200, were based on the theory that contingency contracts for
8   traffic enforcement were void as against public policy.  *See Id.* at 431-432.  The consolidated cases
9   were stayed "pending consideration and disposition of a related issue in *County of Santa Clara v.*
10  *Superior Court (Atlantic Richfield Company)*, 50 Cal.4th 35 (Cal. 2010)."  *See In re Red Light*
11  *Photo Enforcement Cases*, 84 Cal. Rptr. 3d 37 (Cal. 2008) (hereinafter "*Red Light II*").  These
12  cases predated the amended California Vehicle Code at issue in the instant case.  Indeed, the
13  statute that is the subject of the instant case did not take effect until 2004, and the class periods for
14  the two cases do not overlap.  The instant case, in fact, arises from a statute passed in the
15  California legislature in response to some of the abuses that were the subject of the *In re Red Light*
16  *Photo Enforcement Cases*.  The passage of that statute even led to the dismissal of governmental
17  defendants in *Red Light I*.  78 Cal.Rptr.3d at 421 (noting that "the Legislature had amended the
18  Vehicle Code to prohibit, as of January 1, 2004, contingency fee agreements for automated traffic
19  enforcement systems," thus rendering their equitable claims for injunctive relief moot).  Most
20  importantly to this analysis, the consolidated *Red Light I & II* cases were filed more than three
21  years ago, and thus are not considered in the local controversy calculus.
22       One other notable case was filed this year, but it involves the allegedly illegal operation of
23  stop *sign* cameras, does not name the Defendants in the instant case, and is restricted to the
24  Mountains Recreation and Conservation Authority ("MRCA") area.  *See Estwick v. Mountains*
25  *Recreation and Conservation Authority*, Sup. Ct. Cal, Los Angeles, BC434783 (Mar. 29, 2010).
26  In that case, the plaintiffs named MRCA as a defendant, along with Joseph Edmiston, the
27  executive director of MRCA, and did *not* name any Redflex entity as a defendant, even though
28  they noted that Redflex was operating automated traffic enforcement equipment for MRCA. *See*

819263.3                                          9
PLAINTIFF S.D. JADEJA'S NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

*Id.* at ¶¶ 18-20.  The complaint in *Estwick* notes that a contract signed between MRCA and Redflex in 2007 contains a provision under which Redflex AZ would be paid "$20 per image for every photo stop, photo speed and mobile photo stop image."  *Id.* at ¶ 26.  They also allege a violation of California Vehicle Code § 21455.5(g)(1), and a Business and Professions Code § 17200 claim on that basis, but again, these relate only to stop *sign* violations, and are alleged only against MRCA *itself* and none of the Defendants in the instant lawsuit.  In contrast, the instant case rests upon a statutory violation involving stop *lights*, and encompasses all of California, including MRCA.  The Complaint in the instant case makes claims only against the vendors, not against any municipalities or governmental agencies, such as MRCA.  Thus, though the cases share one legal theory in common, the factual allegations and the defendants in the cases are entirely distinct and do not overlap.  The two cases, although they share some similarities, are distinct for purposes of a local controversy analysis.

      Here, as in *Haynes*, the complaint rests entirely on California legislation, unique to California, and solely implicates contracts with California entities and citations issued for alleged infractions within California.  Even though, as in *Haynes*, this case shares some of the broader policy grounds with other cases filed in California and nationwide, the instant case is unique.  Based upon the *Haynes* interpretation that for a case to be "similar," it must do more than just raise the same "larger policy issues," there has been no case similar to the instant case filed within the past three years.  Factual allegations in other cases involve entirely distinct factual allegations, parties, activities, statutes, and legal theories.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff asks that this motion to remand be GRANTED.

DATED: October 22, 2010

**PEARSON, SIMON, WARSHAW & PENNY, LLP**
BRUCE L. SIMON
WILLIAM J. NEWSOM

**ANDERLINI & EMERICK LLP**
P. TERRY ANDERLINI
MERRILL G. EMERICK


By: /s/ Bruce L. Simon
BRUCE L. SIMON
*Attorneys for Plaintiff S.D. Jadeja*

819263.3

11

PLAINTIFF S.D. JADEJA'S NOTICE OF MOTION AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION