IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

S.D. JADEJA, individually and on behalf of all those similarly situated,

    Plaintiff,

    v.

REDFLEX TRAFFIC SYSTEMS, INC., REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., AMERICAN TRAFFIC SOLUTIONS, INC., and DOES 1–20,

    Defendants.

No. C 10-04287 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND VACATING HEARING**

## INTRODUCTION

This order finds that remand is not required under the so-called "local controversy" exception to CAFA removal.

## STATEMENT

On August 19, 2010, plaintiff S.D. Jadeja filed this putative class action in the San Mateo County Superior Court. Jadeja seeks money damages and equitable relief, naming as defendants Redflex Traffic Systems, Inc.; Redflex Traffic Systems (California), Inc.; American Traffic Solutions, Inc.; and Does 1–20. Defendant American Traffic Solutions removed this action to federal court on September 22, 2010. Jadeja now moves to remand this action back to state court.

Jadeja alleges two claims against all defendants. First, Jadeja claims that defendants have engaged in unfair competition in violation of California Business and Professions Code

Section 17200, *et seq*. The relevant acts arise from allegedly unfair, unlawful contracts in which defendants' compensation depends on the number of red-light citations they issue, in violation of California Vehicle Code Section 21455.5(g)(1). Second, Jadeja claims that defendants have been unjustly enriched by receiving compensation for the unlawful operation of automated traffic-enforcement systems in violation of the California Vehicle Code.

Jadeja's alleged facts include the following. Defendants entered into, modified, or renewed contracts to provide automated traffic-enforcement systems to various state municipalities and agencies throughout California. These contracts each contained some form of a "'cost neutral' or contingency clause" (Compl. ¶ 31). The contracts provided for fixed payments from the municipalities and agencies, but the cost-neutral clauses in effect guaranteed that the red-light cameras would pay for themselves; if the fixed monthly fees charged by defendants were to exceed the total revenue generated by the cameras, then defendants would refund, credit, or otherwise repay the municipality for the difference. Jadeja alleges that because companies utilizing cost-neutral contracts are financially incentivized to ensure that the cameras they install produce a sufficient number of infractions to cover their monthly operation fees, these contracts are merely illegal contingency contracts under which the contracted vendor is paid on a per-ticket basis with a monthly cap on total fees.

**ANALYSIS**

Defendant American Traffic Solutions removed this action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332, 1441, 1446, and 1453. Jadeja seeks to remand to state court under the local controversy exception to CAFA jurisdiction, codified at 28 U.S.C. 1332(d)(4)(A). Under the local controversy exception, a district court shall decline to exercise jurisdiction:

> (A)(i)  over a class action in which —
>
> > (i) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant —
>
> > (aa) from whom significant relief is sought by members of the plaintiff class;

2

       (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

       (cc) who is a citizen of the State in which the action was originally filed; and

    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

  (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. 1332(d)(4)(A). As the party seeking remand, Jadeja "bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)." *Serrano v. Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). This order finds that Jadeja has not carried his burden of proving the element set forth in Subsection (d)(4)(A)(ii) and that remand therefore is not appropriate. Because Jadeja's failure to prove this element is sufficient grounds to deny remand, this order does not reach the question of whether Jadeja proved any of the other elements of the local controversy exception.

  Defendants have identified five recently-filed putative class actions and claim that each one satisfies the requirements of Subsection (d)(4)(A)(ii). On June 25, 2009, the putative class action *Todd v. City of Auburn* was filed against Redflex Traffic Systems, Inc. and other defendants in the state of Washington (Burnside Ex. B at 1). A second amended complaint was filed in that action on December 7, 2009 (*ibid.* at 16). This complaint alleged that contracts between red-light camera companies and Washington cities contained "'cost neutrality' or stop-loss clauses" that gave the companies improper incentives and violated a state law against revenue-based compensation to such companies (*id.* at 23). The *Todd* plaintiffs accused Redflex of unfair business practices and unjust enrichment based on these factual allegations (*id.* at 18, 28).

  The *Todd* action was filed well within the three-year statutory period of Subsection (d)(4)(A)(ii), and it was filed on behalf of a defined class of plaintiffs. It names Redflex Traffic Systems, Inc. — a defendant in the instant action — as a defendant. And it asserts factual

3

1 allegations against Redflex so similar to the core allegations in this action that Jadeja's complaint
2 must have given Redflex *déjà vu*.

3   Jadeja contends that the *Todd* action is not "similar" under the local controversy exception
4 because it "would have no collateral effect on the instant case," since it was not filed in
5 California, does not involve interpretation of the California Vehicle Code, and does not
6 assert a cause of action for violation of the UCL or other California state law (Reply Br. 8).
7 Jadeja dismisses the question of whether the two actions "concern similar contract language"
8 as "inapposite" (*ibid.*).  This focus on the legal theories rather than the factual allegations in play
9 applies the statue backwards; the *Todd* action's collateral effect is inapposite to this analysis, and
10 the contract language certainly is not.

11   The plain language of Subsection (d)(4)(A)(ii) is directed at "the same or similar *factual*
12 allegations" (emphasis added), and the Senate Judiciary Committee provided specific guidance on
13 how to evaluate the presence of this element:

> The Committee also wishes to stress that the inquiry under this criterion should not be whether identical (or nearly identical) class actions have been filed. *The inquiry is whether similar factual allegations have been made against the defendant in multiple class actions, regardless of whether the same causes of action were asserted* or whether the purported plaintiff classes were the same (or even overlapped in significant respects).

18 S. Rep. No. 109-14, at 41 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 39 (emphasis added).
19 The Committee also explained that Subsection (d)(4)(A)(ii) functions as "a test for assessing
20 whether a controversy is localized" (*ibid.* at 40).  "[I]f a controversy results in the filing of
21 multiple class actions, it is a strong signal that those cases may not be of the variety that [the local
22 controversy exception to CAFA removal] is intended to address" — *i.e.*, disputes with a "truly
23 local focus" that state courts have a strong interest in adjudicating (*id.* at 39–40).  When a
24 controversy is widespread rather than localized, federal courts are better suited to providing a fair,
25 efficient resolution.

26   The core factual allegations in Jadeja's complaint are that cost-neutrality provisions in
27 contracts between red-light camera companies and state municipalities violate a statute
28 prohibiting volume-related compensation to such companies, and that these contracts form the

4

basis for other illegal conduct. The *Todd* action echoes these factual allegations in precisely the manner contemplated by Subsection (d)(4)(A)(ii).

Since the *Todd* action satisfies all requirements of Subsection (d)(4)(A)(ii), this opinion need not reach the question of whether the other actions identified by defendants do so as well. This finding is sufficient to determine that Jadeja has not met his burden of proving the element set forth in Subsection (d)(4)(A)(ii) and that the local controversy exception to CAFA jurisdiction therefore does not apply.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this action is **DENIED**. The hearing on his motion scheduled for December 2, 2010, is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 22, 2010.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE