United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.D. JADEJA, individually and on behalf of all those similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REDFLEX TRAFFIC SYSTEMS, INC., REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., AMERICAN TRAFFIC SOLUTIONS, INC., and DOES 1–20,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 10-04287 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**INTRODUCTION**

In this proposed class action dispute over the legality of cost-neutral clauses in contracts between defendants and various municipalities and agencies throughout California, defendants move to dismiss the action. Because plaintiff lacks standing, the motion is **GRANTED** under Federal Rule of Civil Procedure 12(b)(1).

**STATEMENT**

Plaintiff S.D. Jadeja is a resident of Palo Alto. Defendants Redflex Traffic Systems, Inc., and Redflex Traffic Systems (California), Inc., are "provider[s] of road safety cameras" (Compl. ¶ 16). Defendant American Traffic Solutions, Inc., is a "provider of technology and business solutions for photo traffic safety and electronic toll enforcement programs" (*id.* ¶ 19).

1  On August 30, 2009, plaintiff drove through the intersection of Ravenswood Avenue and
2  El Camino Real in Menlo Park.  An automated traffic-enforcement camera recorded a video of
3  plaintiff driving through the intersection.  Approximately a month later, an employee of Redflex
4  sent plaintiff a notice to appear, claiming that plaintiff had violated California Vehicle Code
5  Section 21453(a) by failing to stop at a red light while driving through the intersection.
6  On October 8, 2009, plaintiff paid a fine of $346.

   Plaintiff alleges that defendants entered into, modified, or renewed contracts to provide automated traffic-enforcement cameras to various state municipalities and agencies throughout California, including Menlo Park.  These contracts each contained some form of a "'cost neutral' or contingency clause" (*id.* ¶ 31).  The contracts provided for fixed payments from the municipalities and agencies, but the cost-neutral clauses in effect guaranteed that the traffic-enforcement cameras would pay for themselves; "if the fixed monthly fees charged by Defendants were to exceed the total revenue brought in by the cameras, Defendants would refund, credit, or otherwise repay the Municipality for the difference" (*ibid.*).  Plaintiff alleges that because companies utilizing cost-neutral contracts are financially incentivized to ensure that the traffic cameras they install produce a sufficient number of infractions to cover their monthly operation fees, these contracts are merely illegal contingency contracts.

   Last summer, plaintiff filed this putative class action in the San Mateo County Superior Court, seeking money damages and equitable relief.  Plaintiff alleges two claims against all defendants.  *First*, plaintiff claims that defendants have engaged in unfair competition in violation of California Business and Professions Code Section 17200.  The relevant acts arise from allegedly unfair and unlawful contracts in which defendants' compensation depends on the number of red-light citations they issue, in violation of California Vehicle Code Section 21455.5(g)(1).  *Second*, plaintiff claims that defendants have been unjustly enriched by receiving compensation for the unlawful operation of automated traffic-enforcement cameras in violation of the California Vehicle Code.  ATS removed the action.  Defendants now move to dismiss the complaint.  This order follows full briefing and a hearing on the motion.

**ANALYSIS**

Defendants contend that plaintiff lacks standing under Article III. This order dismisses the present action because plaintiff lacks standing. As this issue is dispositive, defendants' remaining arguments will not be addressed.

Defendants bring the present motion under Federal Rule of Civil Procedure 12(b)(6). A challenge to standing is properly raised in a Rule 12(b)(1) motion to dismiss, because standing pertains to a court's subject-matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). A jurisdictional challenge under Rule 12(b)(1) may be made on the face of the pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Ibid.* If a Rule 12(b)(1) motion is a facial attack, a district court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ibid.*

"A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy' requirement of Article III of the Constitution." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008). To establish standing under Article III, the plaintiff must meet three elements:

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted). When a plaintiff seeks injunctive relief, the plaintiff's showing of legal injury must also establish a sufficient likelihood that he will again be wronged in a similar way. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). In regard to class actions, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with

3

the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

In the present case, plaintiff must show that he suffered an "injury-in-fact — an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560. In his complaint, plaintiff alleges he suffered a loss of money from paying a traffic citation that Menlo Park issued after receiving the recordings taken by Redflex. At the same time, plaintiff does not challenge the validity of his traffic citation. Plaintiff, however, cannot establish standing by alleging that Menlo Park fined him for running a red light, because he does not have a legally protected interest to break the law by running red lights. *See Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1093 (10th Cir. 2006) ("[A] person complaining that government action will make his criminal activity more difficult lacks standing because his interest is not legally protected") (internal quotation marks omitted).

In response, plaintiff argues that he does not claim freedom to violate the law as his legally protected interest. *First*, plaintiff contends that his complaint claims a legally protected interest in "freedom from prosecution by red light camera operators whose compensation is tied to the number of citations it issues" (Opp. 6). According to plaintiff, the state created this interest by enacting Section 21455.5(g)(1). In support of this argument, plaintiff cites *Tumey v. Ohio*, 273 U.S. 510, 524 (1927), for the proposition that an official who has an incentive to convict a defendant must be disqualified. This case is inapplicable here, as neither Redflex nor ATS is a prosecutor for the state. Furthermore, plaintiff acknowledges that Redflex did not prosecute him by issuing his citation; rather, "[t]he city employs its own procedure for reviewing the evidence [from the traffic-enforcement cameras defendants operate] and determines whether to issue a citation" (Compl. ¶ 61). In regard to the conduct of the prosecutors involved in this case, plaintiff acknowledges that "there is no question of the impartiality of the judges or prosecutors involved" (Opp. 7). Plaintiff has not shown that defendants invaded his alleged interest in freedom from incentivized prosecution.

*Second*, plaintiff contends that his complaint claims a legally protected interest in freedom from unfair or unlawful business practices which led to the inclusion of the

4

cost-neutral clause in the contract between Redflex and Menlo Park. According to plaintiff, Section 21455.5(g)(1) and Section 17203 together create a right to be free from "Defendants' unlawful operation of red light cameras in violation of CVC Section 21455.5(g)(1)" (*ibid.*). In support of this proposition, plaintiff again cites *Tumey*, arguing that "[w]here the entirety of the evidence is created, controlled, and provided to the court by a private company paid per citation, the system is no different from that of a financially interested judge or prosecutor" (*ibid.*). As explained above, however, *Tumey* is inapplicable here. Redflex did not prosecute plaintiff in this case. Rather, Menlo Park independently decided to issue him a citation.

In addition, plaintiff submitted a statement of recent decision affecting defendants' joint motion to dismiss, citing *Kwikset Corporation v. Superior Court (Benson)*, No. 171845, __ Cal. 4th __ (Jan. 27, 2011). *Kwikset*, however, is also inapplicable to the present action, as it applies to the requirements for standing under Section 17204, where the alleged wrongful conduct of the defendants "is based on a fraud theory involving false advertising and misrepresentations to consumers." *Id.* at 15 (internal quotation marks omitted). Plaintiff has not shown that defendants invaded his alleged interest in freedom from unfair or unlawful business practices. Accordingly, this order finds that plaintiff does not have standing to bring this action against defendants. This order does not comment on the ability of others to sue defendants to determine the legality of the cost-neutral clauses in the contracts between defendants and the municipalities.

In support of their motion, defendants also request that judicial notice be taken of (1) the San Mateo County Grand Jury Report on the Effectiveness of Red Light Traffic Camera Enforcement, available at http://www.ci.sanmateo.ca.us/DocumentView.aspx?DID=7558, and (2) *People v. McDonald*, No. LC04465 (Los Angeles County Super. Ct. App. Div. Feb. 23, 2009). Plaintiff does not object. Their request is granted, but only for the purpose of establishing those documents' existence and contents, not for the purpose of assuming the truth of the matters asserted therein. *See In re Bare Escentuals, Inc. Sec. Litig.*, 2010 WL 3893622, at *11 (N.D. Cal. Sept. 30, 2010).

5

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is **GRANTED**. Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day calendar, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint address the problems with plaintiff's claims identified in this order. If no motion is filed by the deadline, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: February 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE